**Opinion issued September 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-16-00590-CR**

———————————

**SHAKERA GLADNEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1496914**

## MEMORANDUM OPINION

Shakera Gladney pleaded guilty to the state jail felony offense of possession of a controlled substance of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)-(b) (West 2010). In accordance with the terms of Gladney's plea bargain agreement with the State, the trial court entered deferred adjudication of

guilt, placed her on community supervision for two years, and imposed a fine of $300. Appellant filed a *pro se* notice of appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because Gladney has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction.  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).